UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

        v.                                      CASE NO. 8:12-cr-205-T-17MAP

NATHANIEL HARRIS, *et al.*
_____/

### REPORT AND RECOMMENDATION[1]

Defendant Deonte Martin moves to suppress the records for cell numbers (941) 405-2330 and (941) 448-4196, which the government obtained from Sprint pursuant to state court orders issued in August 2013.[2] The government opposes the motion (doc. 564). For the reasons stated here, I recommend that the motion be denied.

Martin argues the state court orders are not supported by specific and articulable facts as required by 18 U.S.C. § 2703(d) (the Stored Communications Act or SCA). This section provides that a federal or state governmental entity may require a telephone service provider to disclose cell phone records of a specific customer if a court finds "specific and articulable facts showing that there are reasonable grounds to believe" the records "are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d).[3]

---

[1] The District Judge referred this motion to me for a hearing, if necessary, and a report and recommendation. Doc. 516. I held oral argument on the motion on March 22, 2016. At my request, the parties filed supplemental briefings at documents 637 and 647.

[2] Martin's motion does not apply to (941) 545-7225, because the government did not recover any records for this number.

[3] This standard is a lesser one than probable cause. *See United States v. Davis*, 785 F.3d 498, 505 (11th Cir. 2015) (en banc); *In re Application of the United States for Historical Cell Site Data*, 724 F.3d 600, 606 (5th Cir. 2013); *In re Application of the United States Directing Elec. Commc'n Serv. to Disclose Records*, 620 F.3d 304, 313 (3d Cir. 2010).

Martin's argument skirts the obvious. He contends the allegedly improper orders triggered the exclusionary rule. Under the exclusionary rule, evidence obtained in violation of the Fourth Amendment cannot be introduced at trial as evidence in support of a defendant's guilt. *See United States v. Calandra*, 414 U.S. 338, 348 (1974). It follows that Martin has standing to challenge the admissibility of the cell records only if his constitutional rights were violated. *United States v. Salvucci*, 448 U.S. 83, 85 (1980). The starting point for any Fourth Amendment analysis is asking whether a defendant had a subjective and reasonable expectation of privacy in the evidence seized. *See Minnesota v. Carter*, 525 U.S. 83, 91 (1998). Here, the government obtained call data records (including cell site locations, but excluding the content of any communications) for the numbers ending in 2330 and 4196. A subscriber has no reasonable expectation of privacy in a third-party service provider's historical, non-content business records. *Davis*, 785 F.3d at 505. Cases since *Davis* have forestalled Fourth Amendment challenges to SCA orders regarding historical, non-content cell site data. *United States v. Johnson*, __ F. App'x ___, 2016 WL 1019266, at *7 (11th Cir. Mar. 15, 2016); *United States v. Madison*, No. 13-14541, 2016 WL 692106, at * 1 (11th Cir. Feb. 22, 2016); *United States v. Wilson*, No. 14-12945, 2015 WL 8121493, at *3 (11th Cir. Dec. 8, 2015). Consequently, Martin lacks standing under the Fourth Amendment to challenge the admissibility of the cell records.

Additionally, even assuming Martin has standing (he does not) and the orders are lacking in specific and articulable facts (they are not), exclusion is not an available remedy. *Madison*, 2016 WL 692106, at * 1. Under the SCA, the victim of improper data collection "has several remedies available, but suppression of evidence is not among them." *Id.*; *United States v. Guerrero*, 768 F.3d 351, 358 (5th Cir. 2014). Indeed, "[u]nless the statute at issue provides for exclusion, we do not

apply the exclusionary rule to non-constitutional violations of law." *Madison*, 2016 WL 692106, at * 1, *citing United States v. Thompson*, 936 F.2d 1249, 1251 (11th Cir. 1991). Martin does not and cannot argue that the government's alleged violations of the SCA amount to a constitutional wrong.

For these reasons, I recommend that Martin's motion to suppress (doc. 491) be DENIED.

IT IS SO REPORTED in Tampa, Florida on April 12, 2016.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.